UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **ROBERT NEAL GRAVES** ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | No. 3:10-0573 |
| ] | Judge Echols |
| **DEE DAVID GAY** ] | |
|     Defendant. ] | |

### M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Sumner County Jail in Gallatin, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Dee David Gay, a Criminal Court Judge in Sumner County, seeking injunctive relief.

On May 21, 2010, the plaintiff filed a motion in the Criminal Court of Sumner County hoping "to correct an error in sentencing paperwork".[1] The defendant apparently presided over a hearing to discuss the motion and subsequently denied the relief sought by the plaintiff. The plaintiff alleges that the defendant violated his constitutional rights during the hearing.

The plaintiff is asking for relief that would presumably shorten his sentence. When a state prisoner seeks an immediate or speedier release from custody by challenging the validity of his sentence, he must pursue his claims in an action for federal habeas

---

[1] The plaintiff identifies his Criminal Case as No.577-2007.

corpus relief under 28 U.S.C. § 2254. <u>Preiser v. Rodriquez</u>, 411 U.S. 475 (1973).

Given the liberal standard of review for *pro se* pleadings, this Court could convert plaintiff's 42 U.S.C. § 1983 complaint to a habeas corpus petition. *See* <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). However, a great deal of information is required for a habeas corpus petition that is not supplied in a 42 U.S.C. § 1983 complaint. *See* <u>Rules Governing § 2254 Cases</u>. In addition, a habeas corpus petitioner is required to exhaust state court remedies before seeking relief in the federal courts. <u>Rose v. Lundy</u>, 455 U.S. 509 (1982). In this regard, there has been no showing that the plaintiff has ever presented his claim to the state courts for review prior to the filing of this complaint. Therefore, it would not be appropriate for the Court to treat the instant complaint as a § 2254 petition.

After careful review of the complaint, the Court finds that the plaintiff has failed to state a claim upon which § 1983 relief can be granted. Under such circumstances, the Court is obliged to *sua sponte* dismiss this action. 28 U.S.C. § 1915(e)(2).

An appropriate Order will be entered.

_____
Robert L. Echols
United States District Judge